UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**MARK ROSS,**

    **Plaintiff,**

vs.                                            **CASE NO:**

**GALARDI SOUTH ENTERPRISES CONSULTING, INC. and RED EYED, INC.,**

    **Defendants.**
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Mark Ross, on behalf of himself and those similarly situated, by and through the undersigned counsel, sues Defendants, Galardi South Enterprises Consulting, Inc. ("Galardi") and Red Eyed, Inc. ("Red Eyed") (collectively "Defendants"), and in support of his Complaint alleges:

### INTRODUCTION

1. Plaintiff, Mark Ross, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee from March 2012 through July

2017 for Defendants in Fulton County, Georgia.

3. Defendants are Georgia Corporations that operate and conduct business in, among others, Fulton County, Georgia, and are therefore within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff worked as Security Officer for Defendants out of Defendants' worksite located at 2555 Chantilly Drive, Atlanta, GA 30324.

8. Plaintiff was hired by Defendants and performed Security Officer duties for Defendants.

9. Plaintiff was jointly employed by Galardi and Red Eyed as a Security officer at all times relevant hereto, and performed the standardized duties of Security Officer position throughout his employment.

10. Galardi and Red Eyed monitored and critiqued Plaintiff's work throughout his employment.

11. Galardi and Red Eyed controlled the daily work hours of Plaintiff.

12. Galardi and Red Eyed controlled the rate and frequency of pay for Plaintiff.

13. Plaintiff worked out of the principal office address that both Galardi and Red Eyed shared.

14. As a Security Officer for Defendants, Plaintiff guarded the exterior of Defendants' properties and provided security duties for specific events.

15. Plaintiff worked in this capacity from approximately March 2012 through July 2017.

16. Plaintiff earned a rate of pay of $9.00 an hour.

17. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant.

18. During his employment with Defendant, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half his regular rate

of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Plaintiff typically worked at least fifty-five (55) hours per week.

20. For years, however, Defendants provided Plaintiff with pay stubs reflecting that he was paid for only sixteen (16) hours worked per pay period.

21. Defendants would pay Plaintiff the rest of what Defendants believed Plaintiff was owed in cash each pay period.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COLLECTIVE FACTUAL ALLEGATIONS

23. Class members are treated equally by Defendants.

24. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

25. Defendants employed security officers who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

26. Defendants pay class members in the same manner.

27. Plaintiff and all class members worked in the State of Georgia.

28. Plaintiff and all class members in the State of Georgia were not

correctly paid overtime wages for all hours worked in excess of forty (40) hours.

29. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

30. During the relevant period, Defendants violated the FLSA by improperly refusing to paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

31. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

32. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## COVERAGE

33. At all times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

34. At all times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

35. At all times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out of state banks.

36. At all times relevant to this action, Defendants routinely ordered materials or supplies from out of state (*i.e.* security uniforms and tools, etc.).

37. At all times relevant to this action, Defendants had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (*i.e.* security uniforms and tools, etc.).

38. At all times relevant to this action, Plaintiff was individually engaged in interstate commerce during his employment with Defendants, by working with security tools and equipment from out of state.

39. At all times relevant to this, Defendants used U.S. mail to send and receive letters to and from other states.

40. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42. Plaintiff, and those similarly situated employees, were entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendants, Plaintiff worked

overtime hours but was not paid time and one-half compensation for same.

43. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated, have suffered damages plus incurring reasonable attorneys' fees and costs.

44. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated, are entitled to liquidated damages.

## COUNT II- VIOLATION OF 26 U.S.C. SECTION 7434

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

46. Defendants willfully filed fraudulent information to the IRS, in violation of 26 U.S.C. 7434, causing Plaintiff to incur financial damages.

47. Plaintiff is entitled to an award of damages pursuant to 26 U.S.C. 7434(b).

## DEMAND FOR JURY TRIAL

48. Plaintiff demands a jury trial on all issues so triable against Defendants.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demand judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this **13th** day of **December**, **2017**.

> *s/ ADIAN MILLER*
> Adian Miller, Esquire
> GA Bar No.: 794647
> **Morgan & Morgan, P.A.**
> 191 Peachtree Street, N.E., Suite 4200
> Atlanta, GA 30303
> Telephone: (404) 496-7332
> Facsimile: (404) 496-7428
> Email: armiller@forthepeople.com
>
> ***Attorney for Plaintiff***